**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**AUSA Robert S. Trisotto**
Assistant U.S. Attorney
Robert.Trisotto@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

January 17, 2025

**Via Email**
Michelle Kerin, Esq.
Angeli Law Group
121 S.W. Morrison Street, Suite 400
Portland, OR 97204
michelle@angelicalfo.com

    Re:    *United States v. Anthony Matic*, Case No. 3:24-cr-00291-SI
             Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned in this plea agreement letter.

2.    **Charges**:  Defendant agrees to plead guilty to Counts One and Fourteen of the Indictment, both of which charge Conspiracy to Commit Wire Fraud, in violation of Title 18, United States Code, Section 1349.

3.    **Penalties**:  Counts One and Fourteen each carry a maximum sentence of 20 years' imprisonment, a fine of $250,000 (or twice the gross pecuniary gains or losses resulting from the offense if such amount exceeds $250,000), 3 years of supervised release, and a $100 fee assessment.  Defendant agrees to pay the total $200 fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4.    **Dismissal/No Prosecution**:  The USAO will move at the time of sentencing to dismiss the remaining counts of the Indictment.  The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.    **Elements and Factual Basis**:  For defendant to be found guilty of Counts One and Fourteen of the Indictment, the government must prove the following elements beyond a reasonable doubt:

Michelle Kerin, Esq.
Re: Matic Plea Agreement Letter
Page 2
January 17, 2025

First, there was an agreement between two or more persons to commit Wire Fraud, in violation of 18 U.S.C. § 1343; and

Second, defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

Defendant understands that, to prove the crime of Wire Fraud, in violation of 18 U.S.C. § 1343—the object of the conspiracy—the government must prove the following elements beyond a reasonable doubt:

First, defendant knowingly participated in or devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, half-truths, or promises;

Second, the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, defendant used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. Without prejudice to either party presenting additional facts at sentencing, the following facts are true and undisputed:

## Introduction

Beginning on a date unknown, but no later than on or about January 1, 2019, and continuing until at least on or about June 30, 2023, in the District of Oregon and elsewhere, defendant conspired with others known and unknown to the Grand Jury to commit Wire Fraud, in violation of Title 18, United States Code, Section 1343. Specifically, defendant agreed with co-defendant Robert Christensen to commit Wire Fraud and defendant became a member of the conspiracy knowing of its object (i.e., Wire Fraud) and intending to help accomplish it.

///
///

Michelle Kerin, Esq.
Re: Matic Plea Agreement Letter
Page 3
January 17, 2025

## The Scheme to Defraud Investors (Count One)

Defendant knowingly participated in a scheme in which he and co-defendant Christensen agreed to defraud victims by holding themselves out to be operating a successful real-estate business that acquired and managed single family and multi-family residential real-estate properties primarily located in the Midwest. Defendant was primarily responsible for finding, acquiring, and managing multi-residential real-estate properties and co-defendant Christensen was primarily responsible for managing investor relations, including solicitation of investors, business operations, and finances. Although co-defendant Christensen was primarily responsible for soliciting victims to buy promissory notes, defendant was involved in some capacity soliciting at least victims R.B., S.B., N.B., I.Z., and D.O. to buy promissory notes.

To induce victims to buy promissory notes, defendant and co-defendant Christensen made material misrepresentations. Among the material misrepresentations, defendant and co-defendant Christensen falsely stated to some victims that the victim's money would be used to buy and renovate undervalued multi-residential real-estate properties. Additionally, most victims were told that (a) after renovating the properties, defendant and co-defendant Christensen would rent the properties to generate rental income and refinance the properties to extract the increased equity from the renovations; (b) the process of buying, renovating, and refinancing the properties would be completed within a period as short as 30 days and no longer than about six months; and (c) once this process was completed, defendant and co-defendant Christensen would use the rental income and refinancing proceeds to repay investors their full principal, an interest rate between 8% and 15%, and a large lump sum.

These statements were false because defendants did not intend to use all of the victims' money to buy and renovate undervalued multi-residential real-estate properties nor could they complete the process of buying, renovating and refinancing the properties within the time period represented to the victims. Instead, defendants intended to use, and did use, some of the victims' money to repay earlier investors and keep defendants' business afloat. Moreover, defendants had not ever timely bought, renovated, and refinanced any of the multi-residential real-estate properties as represented to victims.

## The Scheme to Defraud Commercial Lenders (Count Fourteen)

Defendant also knowingly participated in a scheme in which he and co-defendant Christensen defrauded commercial lenders by making material misrepresentations about their businesses' financial information in applications submitted to commercial lenders to induce them to loan money to them and their businesses. In particular, defendant and co-defendant Christensen misrepresented their business entities' total outstanding liabilities to commercial lenders by failing to disclose the millions of dollars owed on promissory notes issued to third parties. By means of the fraudulent scheme, defendant and co-defendant Christensen obtained the following commercial loans: (1) $2,330,000 from CoreVest, (2) $4,392,428 from DLP

Michelle Kerin, Esq.
Re: Matic Plea Agreement Letter
Page 4
January 17, 2025

Lending Fund, (3) $150,000 from For a Financial Advance, (4) $100,000 from Good Funding, (5) $60,000 from Headway Capital, and (6) $44,400 from Quick Bridge Funding. Some of these loans were fully secured by the properties as collateral.

6.     **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.     **Sentencing Guidelines Calculations**: The parties agree to the following applicable Sentencing Guideline factors:

| | | |
|---|---|---|
| Base Offense Level: | 7 | U.S.S.G. § 2B1.1(a) |
| Substantial Financial Hardship: | +4 | U.S.S.G. § 2B1.1(b)(2)(B) |
| More Than $1 Mill. From Fin. Inst.: | +2 | U.S.S.G. § 2B1.1(b)(17)(A) |
| Minor Role: | -2 | U.S.S.G. § 3B1.2(b) |

The parties reserve the right to argue that additional specific offense characteristics under the Sentencing Guidelines are appropriate. Defendant understands that the United States reserves the right to seek up to a 20-level increase to defendant's offense level under U.S.S.G. § 2B1.1(b)(1)(K) based upon the loss exceeding $9.5 million but being less than $25 million. Defendant reserves the right to argue for a 16-level—rather than 20-level—increase to his offense level under U.S.S.G. § 2B1.1(b)(1)(I) based upon the loss exceeding $1.5 million but being less than $3.5 million. Defendant further understands that the Court will decide the number of levels to increase his offense level under U.S.S.G. § 2B1.1(b)(1).

8.     **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

9.     **Sentencing Recommendation**: The USAO will recommend the low end of the applicable guideline range if defendant demonstrates an acceptance of responsibility as explained above. For purposes of this agreement, the low end of the applicable guideline range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A, as determined by the Court. In making a recommendation no higher than the low end of the applicable sentencing guidelines range, the United States may include aggravating information concerning defendant's conduct in this case and/or his personal history and characteristics to support the requested sentence, and to

Michelle Kerin, Esq.
Re: Matic Plea Agreement Letter
Page 5
January 17, 2025

argue against, respond to, and rebut any request by defendant for a sentence lower than the low end of the applicable sentencing guidelines range.

10.     **Additional Departures, Adjustments, or Variances**: The USAO agrees to recommend a two-level downward variance to the advisory sentencing guideline range based upon defendant's early resolution of this case. The USAO further agrees to consider new materials submitted by defendant in support of an additional downward variance under 18 U.S.C. § 3553. Defendant, however, understands that the decision of whether to recommend more than a two-level downward variance is in the sole discretion of the USAO. The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any downward departures or adjustments to the advisory sentencing guideline range under the sentencing guidelines provisions.

Defendant reserves the right to seek up to any level downward variance under 18 U.S.C. § 3553 and understands that the government reserves its right to oppose such a request. Defendant agrees that, should defendant seek a downward variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

11.     **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

Michelle Kerin, Esq.
Re: Matic Plea Agreement Letter
Page 6
January 17, 2025

12.    **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13.    **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14.    **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing.  If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15.    **Restitution**:  Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party.  Defendant agrees to truthfully complete the Financial Disclosure Statement provided with this plea agreement letter by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office.  Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant.  Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information.  Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under U.S.S.G. § 3E1.1.

**Transfer of Assets.**  Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned

Michelle Kerin, Esq.
Re: Matic Plea Agreement Letter
Page 7
January 17, 2025

directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

**Restitution.** The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees to pay restitution for all losses caused by defendant's conduct, regardless of whether counts of the Indictment dealing with such losses will be dismissed as part of this plea agreement. In particular, defendant agrees that the Court may order restitution to any victim for any losses suffered by that victim as a result of: (1) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any counts dismissed under this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts. Defendant understands that the United States will seek a restitution order of up to, but no more than, $9,664,788.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Under 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

16.    **Forfeiture Terms:**

A.    **Assets and Authority:** By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to $734,264 pursuant to 18 U.S.C. § 982, which defendant admits represents proceeds defendant personally obtained, directly or indirectly, as a result of defendant's criminal activity set forth in the Indictment.

Michelle Kerin, Esq.
Re: Matic Plea Agreement Letter
Page 8
January 17, 2025

      B.     **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of this money judgment, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture. Defendant agrees that forfeiture of substitute assets as authorized pursuant to 21 U.S.C. § 853(p) shall not be deemed an alteration of defendant's sentence.

17.     **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

///
///

Michelle Kerin, Esq.
Re: Matic Plea Agreement Letter
Page 9
January 17, 2025

18.     **Deadline**: This plea offer expires if not accepted by January 21, 2025, at 5:00 p.m.

Sincerely,

NATALIE K. WIGHT
United States Attorney

*/s/ Robert S. Trisotto*

ROBERT S. TRISOTTO
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I am satisfied with the advice and assistance my attorney has provided to me. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

012125
Date

ANTHONY MATIC
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

3/11/2025
Date

MICHELLE KERIN
Attorney for Defendant
ANTHONY MATIC